# Case No. 15,947.

## UNITED STATES v. ONE HUNDRED BARRELS OF HIGH WINES.

[23 Int. Rev. Rec. 10.]

Circuit Court, D. Maryland. Dec. 17, 1876.

INTERNAL REVENUE—FORFEITURE—INNOCENT PURCHASER.

[1. Cited in Boyd v. U. S., Case No. 1,749, to the point that ownership, at the time of the seizure, by the guilty party, was necessary to bring the property within the operation of the clause of forfeiture of section 44 of the act of July 20, 1868 (15 Stat. 142).]

[2. Cited in U. S. v. Feigelstock. Case No. 15,084, to the point that the forfeiture operates not when the statute is violated, but at the time of the seizure of the property.]

This case was instituted by the United States to forfeit one hundred barrels of high wines found in the possession of Ulman and Co., of Baltimore. The information alleged that the liquor was "distilled spirits owned by one G. G. Russell, who carried on the business of distiller in the First internal revenue district of Illinois, with the intent to defraud the United States out of the tax on the spirits by him distilled, and who, whilst so carrying on his business with such intent, distilled the high wines aforesaid, contrary to section 3281 of the Revised Statutes." Ulman and Co. pleaded in defence that at the time of the seizure they were the owners of the liquor and not Russell, and that they were bona fide purchasers for valuable consideration, without knowledge of fraud. The United States demurred to their plea, and the case was tried before GILES, District Judge, in the district court last March.

It was maintained by the government that said Russell, at the time the high wines were sold, was carrying on an illicit distillery. The spirits in question were fraudulent, and could be followed into the hands of innocent purchasers and seized wherever found; that forfeiture took place at the time of distillation and not at the time of finding and the fact of the tax being paid and the barrels being properly marked, branded and stamped, which was the present case, made no difference.

The court decided that if this view was correct it would destroy the whole liquor trade, and that no purchaser would be safe; that the law applied to spirits owned by the illicit distiller, and not to those in the possession of bona fide purchasers, when the tax had been paid and all the requirements of the law had been complied with, and therefore overruled the demurrer and decreed in favor of Messrs. Ulman and Co. [Case unreported.] The United States took an appeal to the circuit court, and, Dec. 17th, BOND, Circuit Judge, affirmed the decision of the district court.

The government has an appeal to the supreme court at Washington, the amount involved being over $7,000.

A. Stirling, Jr., for the United States.

Geo. C. Maund and Talbot J. Albert, for Ulman and Co.